## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Claralita Davis, | ) | **COMPLAINT** |
| | ) | _____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Capital Management Services, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.  This is an action brought by the Plaintiff, Claralita Davis, for actual and statutory damages, attorneys' fees, and costs for the Defendant Capital Management Services, LP's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") as well as compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.  This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3.  Venue is proper in the Greenville Division because the Plaintiff resides in Greenville County and the Defendant transacted business in this division.

## PARTIES

4.  The Plaintiff, Claralita Davis, is a resident and citizen of the State of South Carolina, Greenville County, and is over the age of twenty-one (21) years. The Plaintiff is a

"consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5.     The Defendant, Capital Management Services, LP (hereinafter "Capital"), is a Delaware corporation licensed to do business in the state of South Carolina. Capital can be served with process through its registered agent, Corporation Service Company, 1703 Laurel St., Columbia, SC 29201. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.

6.     The Defendant is engaged in the business of collecting consumer debts from consumers residing in Greenville, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.     Beginning in May 2010, the Plaintiff began to receive correspondence from the Defendant regarding collection of a debt. The original creditor of said debt was listed as Credit One Bank, N.A.

8.     The Plaintiff had a Credit One Bank, N.A. credit card with a credit limit of $500.00,

9.     On or about June 12, 2010, the Plaintiff received a settlement offer from the Defendant concerning the alleged debt.  In this letter, the Defendant stated that the balance owed on the alleged debt was $1,279.63.

10.   On or about October 14, 2010, the Plaintiff received a second settlement offer from the Defendant concerning the alleged debt. At that time, the Defendant stated that the balance owed on the alleged debt was $1,357.74.

11.     The Defendant then proceeded to begin calling the Plaintiff to collect on the alleged debt. The Plaintiff repeatedly told the Defendant that she could not pay the requested amount and that she did not know how the amount could be that high when her balance was only $500.00. Upon hearing this information, the Defendant told the Plaintiff that she had to make arrangements to pay the alleged debt in full and that she owed $1200.00.

12.     The Defendant called the Plaintiff two to three times per day for months.  Each of these calls was made in an attempt to collect a debt.

13.     All of the Defendant's calls were made to the Plaintiff's cell phone.  The Plaintiff never granted or agreed in any way for the Defendant to contact her on her cellular phone.

## <u>COUNT ONE</u>
## <u>FAIR DEBT COLLECTIONS PRACTICES ACT</u>

14.     The Plaintiff adopts the averments and allegations of Paragraphs 7 through 13 hereinbefore as if fully set forth herein.

15.     Defendant Capital has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

16.     Defendant Capital violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

17.     Specifically, Defendant repeatedly caused the Plaintiff's telephone to ring with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a

debt in violation of §1692d(5).

18.  Defendant also used unfair or unconscionalbe means to collect or attempt to collect a debt in violation of §1692f.  Defendant is attempting to collect in excess of $1,200 on an account with a credit limit of $500.00.  It is believed that Defendant has added amounts, including interest, fees, or other charges which are not allowed by the agreement creating the account.

19.  As a proximate result of Defendant Capital's actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

20.  The Plaintiff adopts the averments and allegations of Paragraphs 7 through 19 hereinbefore as if fully set forth herein.

21.  Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

22.  Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

23.  Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

24.  Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

25.    As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, family discord, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

26.    The Plaintiff adopts the averments and allegations of Paragraphs 7 through 25 hereinbefore as if fully set forth herein.

27.    Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

28.    Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

29.    Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

30.    Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

31.    As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against the Defendant as follows:

a.    Statutory damages of $1,000 for Plaintiff from the Defendant Capital for its

violations of the FDCPA (15 U.S.C. §1692k);

b.     Actual damages for Defendant Capital's violations of the FDCPA;

c.     Costs and reasonable attorney's fees from Defendant Capital  pursuant to 15 U.S.C. § 1692k;

d.     Compensatory and punitive damages against Defendant Capital in an amount to be determined by a struck jury on Plaintiffs' state law claims for damages due to the Defendants' Negligent Training and Supervision, and Reckless and Wanton Training and Supervision;

e.     For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID #10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**
Capital Management Services, LP
c/o Registered Agent - Corporation Service Company
1703 Laurel St.
Columbia, SC 29201